1  Cam Ferenbach, NV Bar No. 96
   cferenbach@lionelsawyer.com
2  Timothy R. Mulliner, NV Bar No. 10692
   tmulliner@lionelsawyer.com
3  Ketan D. Bhirud, NV Bar No. 10515
   kbhirud@lionelsawyer.com
4  LIONEL SAWYER & COLLINS
   1700 Bank of America Plaza
5  300 South Fourth Street
   Las Vegas, Nevada  89101
6  Telephone:  (702) 383-8888
   Facsimile:  (702) 383-8845
7

8  *Attorneys for Plaintiff*

9                 **UNITED STATES DISTRICT COURT**

10                   **DISTRICT OF NEVADA**

11

12  MULTIBANK      2009-1      RES-ADC     | Case No.:  2:10-cv-1396-RLH-LRL
    VENTURE, LLC, a Delaware limited liability
    company;

13

                        Plaintiff,

14                                          | **MOTION TO: (1) ENLARGE THE TIME**
    v.                                      | **FOR SERVICE; and (2) SERVE**
15                                          | **DEFENDANT DAVID A. GARRETSON**
    DAVID A. GARRETSON, an individual; and  | **PURSUANT TO 14.090**
16  KELLY A. MUSLER, an individual;

17                       Defendants.

18      Plaintiff Multibank 2009-1 RES-ADC Venture, LLC moves the Court for an order

19  enlarging the time for service of process upon Defendant David A. Garretson ("Garretson") and

20  authorizing Plaintiff to serve Garretson pursuant to NRS 14.090.  This motion is based upon the

21  following memorandum of points and authorities, the pleadings and papers on file, the attached

22  Affidavit of Due Diligence, and any oral argument which may be requested by the Court.

23                                       LIONEL SAWYER & COLLINS

24

25                              By:  /s/ Timothy R. Mulliner
                                     Cam Ferenbach, NV Bar No. 96
26                                   Timothy R. Mulliner, NV Bar No. 10692
                                     Ketan D. Bhirud, NV Bar No. 10515
27                                   *Attorneys for Plaintiff*

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.        INTRODUCTION

Since filing its Complaint on August 16, 2010 [Doc. 1], Plaintiff has made multiple, diligent efforts to serve Defendant David A. Garretson ("Garretson") by hand delivery of the Complaint and Summons, but, to date, has been unsuccessful in those efforts.  Plaintiff therefore makes this motion—within the initial 120-day period for service—requesting that the Court authorize service upon Garretson pursuant to NRS 14.090 and allowing Plaintiff additional time to effect such service..

### II.        FACTUAL SUMMARY

#### A.        DEFENDANTS DEFAULTED ON A $2,000,000 LOAN

Pursuant to a Promissory Note dated June 27, 2007 and a Construction Loan Agreement of the same date (collectively, the "Note'), Silver State Bank extended a loan to Codi Investments, LLC (the "Borrower") in the original principal amount of $2,000,000 (the "Loan") for the purpose of financing the construction of ten residential homes on real property commonly known as 322 East Shelbourne Avenue, Las Vegas, Nevada (the "Property").  The Borrower agreed to repay the Loan by making monthly payments until the maturity date of December 27, 2008, at which time the remaining principal and all accrued unpaid interest would become due. In order to secure the Loan, the Borrower executed a Construction Deed of Trust dated June 27, 2007 (the "Deed of Trust"), which pledged the Property and all fixtures and improvements thereon, as security for the Loan (the "Security").

Pursuant to Commercial Guaranties dated June 27, 2007 (the "Guaranties"), Garretson and Kelly A. Musler (the "Guarantors") personally guaranteed all of the Borrower's obligations under the Loan, including repayment.  In September of 2008, Silver State Bank was closed by the Nevada Financial Institutions Division and the Federal Deposit Insurance Corporation (the "FDIC") was appointed as its receiver.  Defendants' obligations under the Note, Deed of Trust, Guaranties, and related agreements (the "Loan Documents") were then owed to the FDIC as the receiver for Silver State Bank.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

1  The Borrower thereafter defaulted on the Loan by failing to repay the same as agreed.

2  In February of 2010, Multibank purchased the Loan from the FDIC and thus became entitled to

3  enforce all rights of the lender under the Loan Documents. When Defendants failed to repay the

4  indebtedness owed, Plaintiff initiated this lawsuit n July 16, 2010.

5  **B.   PLAINTIFF TIMELY SERVED CO-DEFENDANT MUSLER, BUT HAS BEEN UNABLE TO SERVE GARRETSON BECAUSE HIS RESIDENCE IS INACCESSIBLE DUE TO AN "UN-MANNED" GATE**

6

7  Plaintiff immediately began its efforts to serve Defendants upon filing the Complaint by

8  delivering copies of the Complaint and Summonses to Legal Process Service on August 18,

9  2010. *See* Affidavits of Service/Affidavit of Due Diligence attached as Exhibit 1. Service was

10  made upon Defendant Kelly A. Musler almost immediately on August 20, 2010 [Doc. 5].

11  Process server Dawn Weislek ("Weislek") also attempted service upon Garretson on

12  August 18, 2010 at his home address of 292 East Ford, Las Vegas, Nevada (the "Ford Address"),

13  however, because the residence is only accessible through a locked gate, Weislek was unable to

14  effect service. *See* Exhibit 1, at p. 1. Weislek attempted service at the Ford Address again on

15  August 20 and August 22, 2010, but each time the residence was inaccessible because of the

16  locked gate and failure of the occupants to come out of the residence to grant Weislek entry. *Id.*

17  Process server Joe Ricondo therefore tried an alternative address of 3819 Haddock Avenue, Las

18  Vegas, Nevada on August 25, 2010, but learned that Garretson had not lived at that address for

19  approximately five years.[1] *Id.* at p. 2.

20  Weislek returned to the Ford Address on August 31 and September 2, 2010 before trying

21  a third address of 240 West Maulding Avenue. *Id.* at p. 3. Weislek learned that Garretson had

22  moved from the residence on West Maulding Avenue to the Ford Address, but was again unable

23  to gain entry to the Ford address due to the locked gate.[2] *Id.*

24  //

25

26  [1] A search of the Clark County Assessor Records indicates that Garretson was the former owner of the 2819 Haddock Avenue residence. *Id.* at p. 6.

27  [2] A search of the Clark County Assessor Records indicates that Garretson was also the former owner of the 240 West Maulding Avenue residence. *Id.* at p. 6.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

1    Weislek's due diligence thereafter confirmed without question that Garretson currently

2    resides at the gated Ford Address. *Id.* at p. 6. Garretson is listed as the current owner of the Ford

3    Address on the Clark County Assessor Records. *Id.* Local, state and cross-referenced directories

4    list the Ford Address as Garretson's current address. *Id.* An online search engine related

5    Garretson to the Ford Address. *Id.* Current voter registration records show that Garretson is

6    registered to vote at the Ford Address. *Id.* A search with the Nevada Department of Motor

7    Vehicles shows that Garretson's current registration and driver's license list the Ford Address as

8    current.[3] Lastly, a search with the United States Postmaster confirmed that mail to Garretson is

9    "Good as Addressed" to the Ford Address. *Id.*

10    All attempts to serve Garretson since September 2010 (and there have been many) have

11    therefore been at the Ford Address. Weislek attempted service on September 26, September 27,

12    twice on September 28, November 23, November 26, and November 28, 2010, but each time was

13    unable to access the residence due to the locked gate. *Id.* at pp. 4 and 5. While vehicles are

14    often parked at the residence and loud music is heard coming from the residence, the occupants

15    fail to respond to honking or other verbal attempts to make contact. *Id.* at p. 1 through 5.

16    Weislek has also left telephone messages for Garretson and notes of attempted service requesting

17    a return phone call on several occasions to no avail. *Id.* The process servers have even gone so

18    far as "staking out" the residence for extended periods of time in hopes of serving Garretson

19    while he is entering or exiting the gated residence, however those attempts have also been to no

20    avail. *See* Affidavits of Attempted Service attached as Exhibit 2. Quite simply, personal service

21    of the Complaint and Summons by hand delivery—at the residence which has been confirmed as

22    Garretson's current and accurate residence—is not possible due to the locked gate which

23    precludes access to the residence.

24    //

25    //

26

27    _____

[3] One of the DMV records listing the Ford Address is the vehicle registration for a 2002 Ford F350 pickup truck. *Id.* A Ford F350 was parked at the Ford Address on several occasions when service was attempted. *Id.* at pp. 1, 3 and 6.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

1

### III.   LEGAL ARGUMENT

2

**A.   SERVICE UPON GARRETSON SHOULD BE MADE BY MAIL PURSUANT TO NRS 14.090**

3       The Nevada Legislature has specifically addressed situations such as the present where

4  personal service is frustrated because access to the defendants' residence is precluded due to a

5  locked gate which is not tended to by a guard.  Specifically, NRS 14.090(a)(2) states as follows:

6
> A person who resides at a location to which access is not reasonably available
7  > except through a gate may be lawfully served with any legal process in the
> manner provided in this section. If there is [ n]o guard posted at the gate and entry
8  > through the gate is not reasonably available, the court may, if it is satisfied by
> affidavit that those facts are true, allow service of process by mailing a copy
9  > thereof to the residence by certified or registered mail.

10 *Id.*

11      As demonstrated through the attached affidavits, access to Garretson's known residence

12 "is not reasonably available" due to it being surrounded by a locked gate.  Despite significant

13 time, effort and expense, Plaintiff cannot access Garretson's residence so that copies of the

14 Complaint and Summons can be hand delivered to him.  Accordingly, Plaintiff requests that the

15 Court allow service to be made upon Garretson pursuant to NRS 14.090(1)(b) by mailing copies

16 of those papers to the Ford Address by certified or registered mail.

17 **B.   THE TIME FOR SERVICE UPON GARRETSON SHOULD BE ENLARGED**

18      FRCP 4(m) gives courts "great[] leeway to preserve meritorious lawsuits despite

19 untimely service of process." *United States v. 2,164 Watches*, 366 F.3d 767, 772.  In fact, the

20 Ninth Circuit has previously held that "district courts have broad discretion under [FRCP 4(m)]

21 to extend time for service *even without a showing of good cause*." *In re Sheehan*, 253 F.3d 507,

22 513 (9th Cir. 2001) (emphasis added).  "A district court may, for instance, extend time for

23 service retroactively *after the 120-day service period has expired*." *2,164 Watches*, 366 F.3d at

24 772 (emphasis added) (citing Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003)).

25      Here, Plaintiff brings this motion within the original 120-day period and has

26 demonstrated good cause for an extension of time to serve Garretson.  As demonstrated above,

27 Plaintiff caused summonses to be issued and delivered to process server Weislek almost

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

5

immediately upon this case being filed and diligently pursued its obligations to serve Defendants. Those efforts were successful with regard to Defendant Kelly A. Musler, but due to Garretson's residence being gated and "un-manned", Plaintiff has been unable to effect service by hand delivery. Plaintiff tried alternative addresses, but found them to be outdated. After the process server's due diligence confirmed the accuracy of the Ford Address, additional attempts were made and the residence was even "staked out" on several occasions to work around the issue of the locked gate. However, despite the best efforts of Plaintiff and the process servers, hand delivery of the Complaint and Summons to Garretson is not possible.

The Court should also consider the lack of prejudice to Garretson which would result from such an extension. *Id.*, at 722, n.2 (citing *West Coast Theater Corp. v. Portland*, 897 F.2d 1519, 1528-29 (9th Cir. 1990); *Floyd v. United States*, 900 F.2d 1045, 1049 (7th Cir. 1990); *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3rd Cir. 1995); *Fournier v. Textron, Inc.*, 776 F.2d 532, 534 (5th Cir. 1985)). Here, there would be ***no prejudice*** as this case is in its infant stages and Garretson will have a full opportunity to participate in the defense of this action once served. Moreover, this lawsuit is no "surprise" to Garretson who is fully aware that he did not repay the $2,000,000 Loan he guaranteed..

In summary, this is precisely the type of case contemplated by FRCP 4(m), which gives the Court broad discretion to enlarge the time for service in this straight-forward and meritorious lawsuit. Plaintiff therefore respectfully requests an extension of the time for service so that service can be made pursuant to NRS 14.090 should the Court authorize such service. Should the Court deny Plaintiff's request for service pursuant to that statute, additional time will be needed to continue attempts to serve Garretson and allow Plaintiff to bring a motion for service by publication, if necessary.

//

//

//

//

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

6

IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order enlarging the time for service of process upon Garretson and authorizing Plaintiff to serve Garretson pursuant to NRS 14.090.

LIONEL SAWYER & COLLINS

By: /s/ Timothy R. Mulliner
    Cam Ferenbach, NV Bar No. 96
    Timothy R. Mulliner, NV Bar No. 10692
    Ketan D. Bhirud, NV Bar No. 10515

*Attorneys for Plaintiff*

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED:              12-17-10

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

7