# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RES-NV CLARK, LLC, a Florida limited liability company, <br><br>  Plaintiff, <br><br> vs. <br><br> CODI INVESTMENTS, LLC, a Nevada limited liability company; DAVID A. GARRETSON, an individual; and KELLY A. MUSLER, an individual, <br><br>  Defendants. | Case No.: 2:10-cv-01396-RLH-GWF <br><br> **O R D E R** <br><br> (Motion for Summary Judgment–#35) |

   Before the Court is Plaintiff RES-NV Clark, LLC's **Motion for Summary Judgment** (#32, filed Aug. 4, 2011). The Court has also considered Defendants' Codi Investments, LLC, Kelly A. Musler, and David A. Garretson's Opposition (#35, filed Sept. 1), and Plaintiff's Reply (#37, filed Sept. 19).

   Also before the Court is Defendants' **Motion for Sanctions** (#38, filed Oct. 3) based on Federal Rule of Civil Procedure 11. The Court has also considered Plaintiff's Opposition (#39, filed Oct. 27), and Defendants' Reply (#42, filed Nov. 7, 2011).

/

**BACKGROUND**

This dispute arises out of Defendants' default on a construction loan Silver State Bank issued in June 2007. Pursuant to a promissory note (the "Note") and a Construction Loan Agreement both dated June 27, 2007, Silver State Bank extended a Loan to Codi Investments, LLC for $2,000,000 (the "Loan") to finance construction of residential homes. (*See* Dkt. #32, Ex. 1, Aff. of Jon Stanton; Ex. 1-A, Note and Construction Agreement.) Defendants Garretson and Musler personally guaranteed Codi Investment's obligations under the Loan. (*Id.*, Ex. 1, Stanton Aff.; Ex. 1-B Commercial Guaranties.) Codi Investments also pledged the property the homes were to be built on as security, including all fixtures and improvements (the "Security"). (*Id.*, Ex. 1-C, Construction Deed of Trust.)

In September 2008, the Nevada Financial Institutions Division closed Silver State Bank and named the Federal Deposit Insurance Corporation (the "FDIC") as its receiver. Defendants then defaulted on the loan by failing to repay it on the December 27, 2008, maturity date. (*Id.*, Ex. 1, Stanton Aff.; Ex. 1-D, Letter from Stout Law Firm to FDIC dated 8/6/09, (acknowledging default but also alleging that Silver State failed to perform each part of the agreement.))

In February 2010, the FDIC formed Multibank and contributed/assigned the Loan and Note to it. (*Id.*, Ex. 1-E, Omnibus Assignment.) In August 2010, Multibank had a Notice of Breach and Election to Sell issued, initiating proceedings to sell the Security at a trustee's sale. (*Id.*, Ex. 1, Stanton Aff.; Ex. 1-F, Notice of Breach and Election to Sell.) Prior to the Trustee's Sale, Multibank assigned the Loan and all related documents to Plaintiff. (*Id.* Ex. 1-G, Assignment and Endorsement.) The Trustee's Sale was held on November 30, 2010, where Plaintiff purchased it for $270,000 via a credit bid. (*Id.*, Ex. 1-H, Trustee's Deed Upon Sale.) Regardless of the purchase price, the Security was appraised at $680,000.00. (*Id.*, Ex. 1-I, Appraisal.)

1    Multibank then filed this suit (eventually substituting RES-NV Clark in as Plaintiff)
2 on July 1, 2010, asserting diversity jurisdiction. Now before the Court is Plaintiff's motion for
3 summary judgment and Defendants' motion for sanctions. For the reasons discussed below, the
4 Court denies both motions.

## DISCUSSION

### I.  Motion for Summary Judgment

Normally, the Court would provide the summary judgment standard at this stage of an order. However, the summary judgment standard will not be relevant to this order as the court dismisses this case for a lack of subject matter jurisdiction first addressed by Defendants' in their response to the motion for summary judgement.

#### A.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F.Supp.2d 949, 952 (D. Nev. 2004). A district court may *sua sponte* raise the issue of subject matter jurisdiction and must dismiss a case if no subject matter jurisdiction exists. Fed. R. Civ. P. 12(h). Because subject matter jurisdiction goes to the power of the court to hear a case, it is a threshold issue and may be raised at any time and by any party. Fed. R. Civ. P. 12(b)(1).

##### i.  Diversity

Plaintiffs assert that the Court has diversity jurisdiction over this case. To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The citizenship of a limited liability company and other unincorporated entities is determined by the citizenship of each of its members.

AO 72
(Rev. 8/82)

3

1  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 800 (9th Cir. 2006). Thus,
2  diversity must be determined by looking at the members of Multibank, the original Plaintiff in this
3  action.

4  As clearly stated in Multibank's complaint (Dkt. #1), the members of Multibank are
5  RL RES 2009-1 Investments, LLC and the FDIC. It is undisputed that RL RES is diverse from
6  Defendants. Thus, we turn to the FDIC. The Complaint states that the FDIC is a Delaware
7  corporation, however Plaintiff has acknowledged that this is incorrect and that the FDIC is a
8  federally-chartered corporation. As the Honorable James C. Mahan of this District recently
9  recognized: "As a federally-chartered corporation, the FDIC is not a citizen of any state, but rather
10 is a national citizen only." *RES-NV TVL, LLC v. Towne Vistas LLC*, 2:10-cv-1084-JCM-PAL,
11 2011 WL 5117886, *1 (D. Nev. Oct. 27, 2011) (*citing Hancock Fin. Corp. v. Fed. Savings and
12 Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974)); *see also FDIC v. La Rambla Shopping
13 Ctr., Inc.*, 791 F.2d 215, 221 (1st Cir. 1986). Pursuant to the Ninth Circuit's decision in *Hancock*,
14 the Court may not exercise diversity jurisdiction over the FDIC, and thus may not exercise
15 diversity jurisdiction over LLCs of which the FDIC is a member.[1] Thus, the Court denies the
16 motion for summary judgment and dismisses this case without prejudice because it lacks
17 jurisdiction.

18 The Court does note, however, that pursuant to NRS § 11.500(1)(b), Plaintiff has
19 the right to re-file this case in a Nevada state court within 90 days of this dismissal regardless of
20 any statute of limitations period that might otherwise bar filing at this point in time.

---

[1] Many recent cases involving Multibank or other LLCs of which the FDIC is a member have held the same. *See generally, RES-NC Settlers Edge, LLC v. Settlers Edge Holding Company, LLC*, 1:10cv173 (W.D.N.C. Sept. 3, 2011) (concluding after a thorough analysis that no exception applied allowing the court to exercise diversity jurisdiction over an LLC of which the FDIC is a member). Also, FDIC LLCs have repeatedly argued in separate courts (with separate counsel) the exact opposite of what Plaintiff argues here. *Towne Vistas, LLC*, 2011 WL 5117886, *2 (citing recent cases where FDIC LLCs argue against diversity jurisdiction on the grounds that the FDIC has no particular state citizenship).

AO 72
(Rev. 8/82)

## II. Motion for Sanctions

Defendants also argue that Plaintiff filed this suit in this Court in bad faith and, thus, sanctions are warranted under Rule 11. The Court disagrees. As Judge Mahan recently stated in his order denying a similar request,[2] the Ninth Circuit (and Supreme Court) precedent on this issue is not perfectly clear and there may be significant policy reasons for adopting the positions Plaintiff urges this Court to adopt. Though Ninth Circuit precedent and compelling persuasive authority from other jurisdiction compel this Court to hold that it does not have subject matter over this case, the Court does not find that Plaintiffs were devoid of merit and warranting sanction under Rule 11. As such, the Court denies Defendants' motion for sanctions and request for attorney's fees.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (#32) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Sanctions (#38) is DENIED. The Clerk of the Court is directed to close this case.

Dated: January 11, 2012.

_____
ROGER L. HUNT
United States District Judge

---

[2] Which order the Court directs the reader to for a more thorough explanation of the reasons for denying sanctions in this case. *RES-NV TVL, LLC v. Towne Vista LLC*, 2:10-cv-1084-JCM-GWF, Dkt. #79 (D. Nev. Dec. 30, 2011).